# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JOSEPH SLATE, SR.,

     Plaintiff,

v.                             Civil No. 04-CV-10262-BC

COMMISSIONER OF             DISTRICT JUDGE DAVID M. LAWSON
SOCIAL SECURITY,           MAGISTRATE JUDGE CHARLES BINDER

     Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

## II.    REPORT

### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for supplemental security income benefits. This matter is currently before the Court on cross motions for summary judgment.

Plaintiff was 48 years of age at the time of the most recent administrative hearing and has completed a seventh grade education. (Tr. at 176-77.) Plaintiff's relevant work history included work in the construction industry, roofing and as a painter. (Tr. at 177.)

Plaintiff filed the instant claim on January 4, 2002, alleging that he became unable to work on January 1, 2002. (Tr. at 39-40.) The claim was initially denied. (Tr. at 28.) In denying Plaintiff's claim, the Defendant Commissioner considered retinal detachments and visual disturbances as possible bases of disability. (*Id.*)

On June 15, 2004, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Albert Velasquez, who considered the case *de novo*. In a decision dated July 29, 2004, the ALJ found that Plaintiff was not disabled. (Tr. at 10-18.) Plaintiff requested a review of this decision on August 17, 2004. (Tr. at 8.)

The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1-2, Tr. at 137-72), the Appeals Council, on August 30, 2004, denied Plaintiff's request for review. (Tr. at 4-7.) On September 29, 2004, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

## B.    Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and

---

[1]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard*, 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole,

3

including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

###   C.     Governing Law

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

An individual is eligible for SSI benefits if he demonstrates, *inter alia*, that:

[H]e is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. . . .

42 U.S.C. § 1382c(a)(3)(A). Further, the claimant must have a "physical or mental impairment . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 1382c(a)(3)(B).

A federal district court has jurisdiction to review decisions as to SSI benefits under 42 U.S.C. § 405(g) (which is made applicable through 42 U.S.C. § 1383(c)(3)). For the purposes of this claim, plaintiff can establish disability at any time through the date of the ALJ's decision. 20 C.F.R. § 416.330 (1992).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.

Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.

Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.

Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at

1110.  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]."  *Id.*  "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ."  *Id.*

### D.    Administrative Record

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff has suffered with a history of severe myopia caused by retinal detachment of the right eye.  Plaintiff underwent laser surgery for this condition in May and July 2001 performed by Dr. Gary Abrams, M.D.  (Tr. at 114, 119.)  Plaintiff was thereafter seen for a series of re-examinations.  (Tr. 70-114).  In early January 2002, Plaintiff's doctor stated that Plaintiff "has lost substantial vision in right eye.  The loss of depth perception makes his present job risky."  (Tr. at 125.)  Plaintiff applied for disability as of this date.  In a questionnaire completed in early March 2002, the doctor described the previously noted laser surgeries to Plaintiff's right eye. (Tr. at 126).  The doctor measured Plaintiff's vision as 20/25 in the left eye and 20/200 in the right eye.  He opined that Plaintiff's best visual potential was 20/80 in his right eye. (*Id.*)   According to the doctor, Plaintiff felt he was in danger doing his work as a roofer because of his loss of depth perception.  (*Id.*)

At the administrative hearing, a vocational expert (VE) testified.  In response to a hypothetical question, presuming a person of Plaintiff's age and circumstances, who is capable of undertaking light exertion work which could be done either sitting or standing, with no more than occasional bending or twisting, no kneeling or crawling, under circumstances that did not require work at unprotected heights or in the vicinity of dangerous moving machinery, and which was simple and repetitive in nature and did not require fine visual acuity, reading or the application of

mathematics, the VE identified approximately 1000 basic production jobs, 1500 packaging jobs, and approximately 2000 assembly jobs.  (Tr. at 192-93.)

**E.     ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the onset of disability.  (Tr. at 17.)  At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step.  (*Id.*)  At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (*Id.*)  At step four, the ALJ found that Plaintiff could not perform his past relevant work.  (*Id.*)  At step five, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy.  (Tr. at 18.)  Using the Commissioner's grid rules as a guide, the ALJ found that ". . . there are a significant number of jobs in the national economy that he could perform.  Examples of such jobs include work as packaging, 1,500; assembly, 2000; inspector/checker, 1,000."  (*Id.*)

**F.     Analysis and Conclusions**

**1.     Legal Standards**

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a significant range of light work.  (Tr. at 18.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

7

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2.      Substantial Evidence

The sole argument presented by Plaintiff's counsel in his four-page supporting brief is that this case should be remanded for further proceedings on Plaintiff's allegations of diminished hand/eye coordination. As noted above, in this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Although Plaintiff suffers from seriously diminished vision in the right eye, Dr. Abrams reported that the vision in the left eye was close to normal. (Tr. at 126.) No other evidence suggesting the existence of other physical disabilities appears in the relevant medical evidence of record. Although both Plaintiff and Dr. Abrams felt that Plaintiff could not or should not return to his prior work as a roofer, Dr. Abrams stated that Plaintiff "may be a candidate for vocational rehabilitation." (Tr. at 125.) Therefore, on this record, I suggest that substantial evidence supports the residual functional capacity assessment made by the ALJ. In addition, although the number of jobs found by the VE is not particularly large in this case, it nonetheless comes within the meaning of "a significant number of jobs" in this circuit. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988).

The ALJ's findings also follow the opinions of the VE which came in response to proper hypothetical questions that were appropriately consistent with the objective medical findings contained in the medical records available to the ALJ, and in particular, the findings and assessments of Dr. Abrams. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility

of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999). Under these standards, I suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

Finally, as to the remand for further evidentiary development requested by Plaintiff's counsel, I note that the Supreme Court only recognizes two kinds of remands involving social security cases: those pursuant to sentence four, and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id*. at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only if a claimant can show good cause for failing to present the evidence earlier. *Id*. at 100. The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. *Willis v. Sec'y of Health and Human Servs.*, 727 F.2d 551 (6th Cir. 1984). Since

10

Plaintiff in this case has met neither of these sets of conditions, I suggest that the remand requested in this case is not authorized under the statute.

After review of the record, I therefore conclude that the decision of ALJ Velasquez, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: June 28, 2005                      United States Magistrate Judge

## **CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James A. Brunson, and served in the traditional manner on Barry F. Keller and Honorable David M. Lawson.

Dated:  June 28, 2005                     By____s/Mary E. Dobbick_____
                                          Secretary to Magistrate Judge Binder