UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH SLATE, Sr.,

                    Plaintiff,                          Case Number 04-10262-BC
                                                        Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO AFFIRM THE DECISION OF THE COMMISSIONER

The plaintiff filed the present action on September 29, 2004 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to remand the case to the Commissioner for further development of the record. The defendant filed a motion for summary judgment seeking affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report and recommendation on June 28, 2005 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, to which the defendant replied, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's reply and has made a *de novo* review of the administrative record in light of the

parties' submissions.  In his terse motion for summary judgment, the plaintiff criticized the hypothetical question posed by the administrative law judge (ALJ) to the vocational expert because it did not address adequately the plaintiff's diminished hand-eye coordination to the degree described by the plaintiff in his testimony at the administrative hearing.  The magistrate judge fully discussed this argument in his report.  The plaintiff's objections to the report and recommendation challenge the magistrate's conclusion that substantial evidence support's the ALJ's determination that the plaintiff was not fully credible, and he interjects another issue into the case: he claims that both the magistrate judge and the ALJ ignored his testimony that he takes the drug Soma and four 750-milligram Vicodin pills daily, which make him drowsy and unable to fully function.  The Court believes that the magistrate judge correctly determined the issue presented to him, and the new issue raised by the plaintiff for the first time in his objections to the magistrate judge's report is waived.

The plaintiff, Joseph Slate, presently forty-nine years old, applied for supplemental security income benefits on January 4, 2002 when he was forty-five years old.  He had worked as a painter and a construction worker and has an eighth-grade education.  The plaintiff last worked on January 1, 2002, which is the date he alleges his disability began as a result of poor vision.  On May 11, 2001 the plaintiff underwent scleral buckling for retinal detachment of the right eye.  On July 17, 2001, he was admitted to the hospital for recurrent retinal detachment and severe myopia.  He subsequently sought laser and other treatment.  The plaintiff also suffers from degenerative disc disease.  He takes Vicodin, Valium, and Soma for his back pain.

In his application for supplemental security income benefits, the plaintiff alleged that he was unable to work because of retinal detachment and attendant psychiatric problems.  On June 15, 2004, the plaintiff, then forty-eight years old, appeared before ALJ Albert J. Velasquez, who filed a

decision on July 29, 2004 in which he found that the plaintiff was not disabled.  The ALJ reached

that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R.

§ 416.920.  The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since

the alleged onset of disability date (step one); the plaintiff suffered from degenerative disc disease

and vision loss in his right eye, impairments which are "severe" within the meaning of the Social

Security Act (step two); the plaintiff did not have an impairment or combination of impairments that

met or equaled a listing in the regulations (step three); and the plaintiff was unable to perform any

of his past work as a painter or construction worker (step four).

In applying the fifth step, the ALJ concluded that the plaintiff retained the capacity to

perform a restricted range of light work limited to jobs that allowed him to alternate between sitting

and standing at his option for one to two minutes per hour; no kneeling, crawling, or climbing; no

working at unprotected heights, around dangerous moving machinery, or operating a motor vehicle;

no exposure to open flames or large bodies of water; involving only simple and repetitive tasks; and

not requiring fine visual acuity, wide fields of vision, or mathematics.  A vocational expert testified

that several jobs fit within these limitations,  including packager, assembler, and inspector/checker,

and the ALJ found that those jobs existed in significant numbers in the regional economy.  Based

on that finding and using Medical Vocational Rule 202.17 as a framework, the ALJ concluded that

the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision

by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for

review on August 30, 2004.

In his summary judgment motion, the plaintiff pointed to his questioning of the vocational

expert at the administrative hearing, specifically hypothetical questions that included an additional

limitation of lack of hand-eye coordination caused by that loss of depth perception.  He argues that this additional limitation reduces the number of available jobs to around 1,000, and he insists that the case should be remanded for further development of the record.

As the magistrate judge observed in his report, 42 U.S.C. § 405(g) provides statutory authority to remand cases to the Commission for further consideration.  In fact, section 405(g) provides the Court the authority to remand a case pursuant to either sentence four or sentence six. The Court of Appeals explained in *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir. 1994), that these two provisions serve distinct purposes and set forth different prerequisites for remand.  Sentence six allows a remand for consideration of new evidence, but the moving party must establish good cause for not submitting the evidence at the hearing and show that the evidence is material, meaning that it is likely to change the ALJ's decision.  *Id.* at 174; *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  A post-judgment remand for further proceedings is authorized under sentence four of Section 405(g) for further consideration of evidence in the record, *see Melkonyan v. Sullivan,* 501 U.S. 89, 97-98 (1991), but the moving party must show "that substantial evidence does not support the Secretary's decision." *Faucher,* 17 F.3d at 176.

The plaintiff has not endeavored to justify a remand under sentence six.  He points to no new evidence and makes no arguments supporting good cause or materiality.  The plaintiff does contend that substantial evidence does not support the ALJ's finding, but that argument is unconvincing.  The plaintiff asserts that the hypothetical question posed to the vocational expert did not include all of the plaintiff's impairments.  However, as the magistrate judge observed, the limitations not included

by the ALJ were only those based solely on the plaintiff's testimony, which the ALJ did not find fully credible.

The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The magistrate judge suggested that the ALJ's credibility assessment was supported by substantial evidence. The plaintiff did not object to that aspect of the magistrate judge's report, and the Court agrees with the magistrate judge's analysis of the credibility issue.

The plaintiff also contends that the ALJ and the magistrate judge failed to account for the side effects of the plaintiff's medication on his ability to work. Those effects were mentioned by the plaintiff during his testimony at the administrative hearing, but they are not documented anywhere in the medical record. The magistrate judge did not discuss this issue because it was not presented to him. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that new issues raised for the first time in objections to reports of magistrate judges are waived. The Court explained:

> Before moving to the merits, we note that Petitioner's argument may be procedurally barred. Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was

first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir.1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D.Ill.1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Id.* at 902 n.1. For the same reasons, the Court finds that this issue is waived and need not be addressed further on the merits.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court agrees with the conclusion that substantial evidence supports the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 14] is **ADOPTED.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 12] is **DENIED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is **GRANTED**. The findings of the Commissioner are **AFFIRMED,** and the complaint is **DISMISSED** with prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 30, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS